813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
S. Franklin BURFORD, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 86-2010.
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1986.
Decided Sept. 11, 1986.
 
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Michael E. Caryl (S. Franklin Burford, on brief), for appellant.
 Mary Frances Clark (Michael L. Paup, Chief, Appellate Section; Richard Farber; Roger M. Olsen, Acting Assistant Attorney General, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Petitioner S. Franklin Burford appeals from a decision of the Tax Court determining a deficiency in his 1976 income tax. Petitioner contends the Tax Court lacked jurisdiction to consider his deficiency for the minimum tax imposed by 11 U.S.C. Sec. 56 because said deficiency was not included in the notice of deficiency which respondent-appellee Commissioner of Internal Revenue had sent to petitioner, but was later raised in the Commissioner's amendment to the answer. Holding that the Tax Court properly exercised its jurisdiction, we affirm.
 
 I.
 
 2
 On his 1976 income tax return, petitioner claimed a deduction for a long-term capital gain from the sale of mining stock. Although petitioner computed on Form 4625 his minimum tax on the capital gain tax preference, he failed to include on his return such minimum tax as part of his total tax liability. As a result, the Commissioner treated the omission as a clerical or mathematical error and made an assessment, pursuant to 26 U.S.C. Sec. 6213(b)(1), of the omitted minimum tax.
 
 
 3
 The Commissioner subsequently recalculated petitioner's 1976 income tax, determined a deficiency, and so informed petitioner through a notice of deficiency. Filing a petition in the Tax Court, petitioner sought a redetermination of the deficiency. The petition bore no claim of error with respect to the portion of the notice of deficiency that dealt with the determination of the amount of minimum tax. However, while the petition was pending, petitioner filed an action in the United States District Court for the Southern District of West Virginia contending that the assessment of the minimum tax was illegal and requesting that collection of such assessment be enjoined. The district court immediately issued a preliminary injunction barring any collection attempts by the Commissioner.[1] Apparently in response to the injunction, the Commissioner abated the assessment of the minimum tax and refunded to petitioner money which the Commissioner, pursuant to that assessment, had collected out of refunds otherwise due petitioner.[2] However, the Commissioner subsequently filed in the Tax Court an amendment to his answer seeking to increase the deficiency by the amount of the abatement of the minimum tax assessment.
 
 
 4
 Granting the Commissioner's motion for partial summary judgment, the Tax Court held petitioner liable for the increased deficiency, including the deficiency in minimum tax that had not been reflected in the notice of deficiency but had been raised in the amendment to the answer.
 
 II.
 
 5
 Petitioner argues the Tax Court lacked jurisdiction to determine a deficiency as to the minimum tax because that specific deficiency was not raised by the notice of deficiency. In Braude v. Commissioner, No. 86-1016, slip op. at 4-5 (4th Cir. July 16, 1986), however, we rejected a nearly identical argument and held that "the Tax Court had jurisdiction to consider a deficiency not included in the Notice of Deficiency sent to petitioners by the Internal Revenue Service but raised by the Service's request to amend its answer more than three years after the statute of limitations began to run." Id. at 2. For the reasons expressed in Braude, supra, and for the additional reasons enumerated by the Tax Court, Burford v. Commissioner, 48 T.C.M. (CCH) 1001 (1984), we affirm.[3]
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The district court dismissed the complaint July 1, 1985 for petitioner's failure to respond to an order directing petitioner to submit a statement indicating whether he desired to prosecute his claims
 
 
 [2]
 The Commissioner indicates in his brief that the "decision to abate the assessment previously made against taxpayer with respect to his minimum tax liability apparently was precipitated by taxpayer's injunctive suit in the district court."
 
 
 [3]
 Petitioner, an experienced attorney, also contends that the minimum tax is unconstitutionally vague because he misunderstood the instructions for reporting the minimum tax; that despite overwhelming judicial authority to the contrary, the minimum tax is unconstitutional because it is not an income tax; and that he was denied due process because the district judge was biased. We consider such contentions to be without merit